IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 23-60082-01-EFM

REGINA HEAVENER,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Regina Heavener's Unopposed Motion to Terminate Term of Supervised Release (Doc. 2). Defendant filed the motion on March 11, 2024. Neither the United States Probation Office nor the Assistant United States Attorney object to the motion. Nevertheless, the Court denies the motion for the reasons stated below.

In 2018, Defendant pleaded guilty to three counts of conspiracy to distribute at least 50 grams of actual methamphetamine. The underlying conspiracy lasted for four years. Defendant had a significant criminal history, and she was sentenced to 120 months' imprisonment. On August 5, 2022, Defendant's imprisonment ended, and she began her term of supervised release

in the Central District of Illinois.[1]  Jurisdiction was transferred to this Court on December 26, 2023. Defendant has completed 19 months of her five-year term of supervised release.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes one year of it.  It is within the Court's discretion whether to grant a motion to terminate supervised release.[2]  In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[3]  The Court may grant such a motion if it is satisfied that an early termination is warranted by the conduct of the defendant, and it is in the interest of justice.[4]

Here, the Court commends Defendant for her conduct during her incarceration and supervised release thus far.  However, the Court finds that an early termination of supervised release does not comport with the interest of justice at this time.  Defendant has served a relatively short period of supervised release after her conviction for the serious offense of conspiracy to distribute methamphetamine—of which the conspiracy lasted for four years.  Furthermore, Defendant moved to Kansas in July 2023, so she has only served eight months of her supervised release in Kansas.  Although Defendant is adjusting well to supervision, the Court finds that the short length of time is inadequate to demonstrate that her reintegration into society is complete and that further supervision is unnecessary.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervision (Doc. 2) is **DENIED.**

---

[1] The Court notes that on August 4, 2022, Defendant received a reduced sentence of 84 months.

[2] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing 18 U.S.C. § 3583(e)(1)).

[3] 18 U.S.C. § 3583(e)(1).

[4] *Id.*

**IT IS SO ORDERED.**

Dated this 11th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE